will return to the regular argument calendar and hear the first note on that calendar United States v McFadden 2482 Mr. Perez May it please the court. Good morning. My name is Daniel Perez. I represent Marquez McFadden This is the second time this case has come before the court as the court is aware We are appealing from his resentencing of 108 months imprisonment The issue in this appeal is very straightforward was the district court's determination factually that Mr. McFadden put a gun in the mouth of his victim supported by a preponderance of the evidence and I would submit to the court that if this were a typical mine run case in which the victim said the defendant put a gun in my mouth and Probation said we recommend that the court apply a six level enhancement for otherwise using the weapon We don't even raise this argument But this wasn't a typical case because this witness's credibility was profoundly problematic The district court itself in its own words cast doubt on Bill Alona's credibility Not when not only when Mr. McFadden was originally sentenced when the court said I found the testimony About the Mother's Day lottery to be blatantly false But when the court during the trial while the witness was on the stand Repeatedly questioned Bill Alona and implicitly cast doubt on her version of the events For example, the district court questioned Ms Bill Alona as to how her foot was cut the court asked questions clarifying what room she was in The court asked about the policy slips and it is clear from the record that the court did not believe her denials about what? policy slipped about not knowing what policy slips were There was vivid testimony by the cooperating witness of the government about pink and lime garbage cans on the table and that's what the money and the policy slips were being put into and Yet this witness mentioned nothing about garbage cans and issued only a blanket denial of anything related to illegal gambling and the court asked Bill Alona about whether she picked someone out of a lineup and whether she Returned to the precinct days after the robbery Bear in mind that this witness Identified someone else as her assailant when she went to the precinct in a lineup So this was a witness whose credibility was suspect whose credibility was questioned by the court Whose stories did not add up and whose claim about the gun was not only questionable but uncorroborated entirely She was the only person who offered evidence about the gun being placed in her mouth. There was no witness There was no direct evidence. There was no corroboration McFadden himself denied placing a gun in her mouth his denial for some indicia of reliability because he admitted that he robbed her her and and and the other woman and if this had been the kind of case with The defendant came in and said I didn't commit the robbery or I didn't have a gun or I didn't display a gun that would be different. And so the question becomes where the mr McFadden said when he was resentenced I did commit this robbery and I'm not going to deny my role I'm going to take responsibility for it. I did have a gun and I did display that gun Why would the district court believe Villa Lona's testimony about a gun being put in her mouth if There were so many other aspects of her testimony that the district court questioned and that were frankly Just Parker to the questions Isn't our case law Absolutely clear that a sentencing judge is entitled to believe Parts and disbelieve other parts of a Witnesses testimony is not exactly what happened here Yes, your honor. That is what the case law says Whether that's what happened here is is is really the question I mean the government did point out in its brief that there was a passing comment by the district court that you know, maybe she was shaky about the Whether the there was illegal gambling taking place in her or in her apartment But otherwise she was pretty clear about the robbery But that really is belied by the record here And if you look through her testimony and not not just on cross-examination, I'm not specifically talking We weren't there we weren't we weren't presiding we weren't present in the courtroom judge Stein Listened to this woman's testimony and he believed part of it and he believed disbelieved other parts of it I mean that happens every day. I Appreciate the court's question and and of course, I'm aware that that that this panel wasn't there but this panel does have access to the record and this panel does have her testimony and All of the questions that judge Stein himself asked the witness to clarify This was hardly a typical as I said at the outset This was not a mine run case in which you had a witness testifying And otherwise her testimony was credible her her testimony was problematic from beginning to end And so under those specific circumstances when the court itself Characterizes a portion of her testimony as blatantly false. That's not my spin. That's not my term That was judge Stein's term blatantly false Then it should be incumbent upon the district court to explain Although I found her testimony to be blatantly false about denying that there was an illegal numbers operation happening in her Apartment I'm going to credit her testimony about the defendant Putting a gun in her mouth when the defendant admitted everything else Just just menacing I Mean, so isn't that? Essentially what the district court did said? Well, I think what's blatantly false is she doesn't want to implicate herself in a criminal enterprise But I think that I find her credible restricted to recalling the specifics of her assault. I mean, is that a clearly erroneous? Thing doesn't it make sense that somebody would Would be evasive about implicating themselves in a criminal enterprise, but might still testify credibly about being assaulted Respectfully judge Menashe judge Stein did not say that this witness was credible the specific statement about the blatantly false testimony about the gambling about not knowing about the Gambling was said at sentencing and I refer back to all of the Clarification questions that judge Stein himself had to ask on direct examination The government couldn't even get through the direct examination without judge Stein repeatedly interrupting to ask clarification questions and so That it's possible for witness to testify truthfully about an assault but not truthfully Where it might implicate that witness you're saying that that framework can't explain her testimony here. That's right. That is correct. Your honor I would agree with that character. What's the what's the most obvious? piece where she where It doesn't fit where she's testifying Blatantly falsely or not credibly about something that wouldn't implicate her in it Oh, it's what in addition to to the to denying about the the numbers operation Well, for example, how the numbers operation obviously would implicate her So I'm asking is there you know, what doesn't fit within the framework? Where it's in in the direct examination. There were questions about how her foot got cut and She couldn't explain how her foot got cut There was a look obviously her foot got cut somehow and and the truth of the matter is we don't know how because there was Nobody else in the room. Mr. McFadden obviously didn't testify She did but she could not explain how her foot got cut did there was there was a vase and Either she bumped into the vase and it it broke. I guess it's unclear Somehow it cut her foot and there were questions by judge Stein is that did you step on it? Did it break did did you knock into it and that again that was on direct examination? That was not under the the crucible the defense lawyers Heated cross-examination of a witness who's struggling that was an inability of a witness to answer very a very simple question How did your foot get cut? And again, I come back to yes, this court wasn't there And yes, judge Stein certainly does have the ability to assess the credibility of a witness But bear in mind when judge Stein was Testified directly about how her foot Got cut. Why does that mean it's Clearly erroneous for judge Stein to credit her testimony about the detail of the assault You're just saying he should have found her not credible across the board Well, I would have and and and and that's obviously that's that's not my call to make but but again If it's the if this is a typical case and the witness has some quite some problems here and there and now They're a little shaky on this or that that's one thing But this is a witness who again couldn't even make it through direct Examination without without the court itself for the benefit of the jury going back and repeatedly asking her to clarify Could I ask how I mean you're saying it's substantively unreasonable sentence also substantively unreasonable, but the sentence varied 13 month downward from 13 months downward from the applicable guidelines range, right? It would still be at the lower end of the guidelines range wouldn't it I mean it wouldn't it be pretty remarkable to say That such a sentence is substantively unreasonable It it it would be remarkable. It is not a frivolous argument Nor is it my main argument? my position is that the proper course of action would have been to to find that he was a level 29 and If the court was inclined to go a level below that then sentenced him as a sentenced him as a level 28 Okay, and I just one more question so You rely on section 3553 a six But we've said that that doesn't require a district court to consider disparities between co-defendants, right? That's correct And and that's that's and and I did not make the argument because it would not be supported by the law that simply because there Was disparity among the defendants in the case that therefore 3553 a six was violated our position though Is that this court and and as the reviewing court can see what happened in this case? this court can can see the very dramatic departures for the other defendants as well as in Similar cases in in these circumstances where we had a resentencing under these circumstances and say, okay Some of these resentencings come far below the guidelines this one did not and that's relevant to our analysis Even if it doesn't carry the day They may have judge Parker as I sit here today, I can't answer that question I would need to refer back to the record May I follow Oh Thank you My follow-up briefly. Mr. Perez Because I want to make sure that I understand your argument relating to judge Stein and his I Guess what you're describing is Clarifying and plotting the the witness here As I understood it from reading the Testimony back and forth. He was following up in Many ways on failures of memory. So there was there were as you put it what appear to be False statements, but there was also a series of Parts of the testimony that indicated that she couldn't remember and you'd mentioned the broken Vase and so on is that is that right? That she was having difficulties remembering or that she was she was simply fabricating. I'm not sure. I understand your honor's there was a combination of Testimony where you were you say that she was fabricating fabricating and judge Stein was trying to Prod her in a sense and and really drilling down on the possible fabrication, but then there was other Testimony where she exhibited a failure of memory But judge Loya, isn't that is that accurate? Isn't that proving the our point that that that judge Stein needed to prod her That's whatever the reason whether whether it was an inability to read I'm just asking if that is Accurate. Is that an accurate way of viewing? the the testimony viewing the record that that judge Stein needed to prod her because she had Difficulties remembering and rather than she was making things up. Is that the courts question? Yes. Let's let's put it that way I would not characterize it that way. I would not characterize it that way at all You characterize it as Just false testimony including about the vase Yes on page 609. Okay page page a 102 of our appendix That's the particular page involving the vase and and if it's during the course so your view is that whenever she Testified for example that she couldn't remember how she cut her foot or that that was actually a false testimony That's correct, okay. All right now I understand Well, thank you very much you've reserved three minutes for rebuttal and we'll hear from the students tell us thank you Thank Your Honor may it please the court Joshua nut house of the United States. I represented the United States at trial and I represent the United States on this appeal Let me pick up where Judge Parker and judgment that she Were asking questions about the procedural error Point, I think they both have it exactly right. We're under a clear error standard and Judge Stein did not clearly error by crediting parts of the victim witnesses testimony and not crediting others He's entitled to do that. He presided over the trial. He saw the witness testify And He did make a clear record which was that he found the testimony about It not being an illegal gambling operation to be false The government concedes that was false, but he made clearly he clearly said at page 135 of the appendix She was pretty convincing on the rest of the robbery. He made clear that he was discounting her Her denial that she was engaged in some sort of illegal activity, but crediting her her testimony about The rest of robbery including that. Mr. McFadden had placed a gun in her mouth and threatened to kill her And and on that record the government submits the court cannot find that judge Stein clearly erred The the argument from from defense counsel is that The victim witnesses testimony is totally uncorroborated. I don't think that's fair We concede that That the other witness who testified Caesar Thomas who was the cooperating witness was not physically in the room So he could not testify Whether the gun was it whether mr. McFadden had put the gun and missy below on his mouth But I'd refer your honors to page a 94 of the appendix Mr. Thomas testifies in a way that fully corroborates. Mrs. Villanona's Other than the gun in her mouth specifically The question asked I think I actually was questioning the witness What else did you see and he said I'm sorry. What page a 94 Okay, he says I seen mr. McFadden holding her like aggressively. I asked where Mr. McFadden or mr. Thomas says he had her like around like he was holding her around her neck and you know, he had her What else did you see answer I seen that lady scared to death Question did he have the gun out? Yeah so And mr. Thomas also testified that there was screaming going on So, I think that the the argument that her testimony should be fully discounted and thrown out Goes too far The defendant declined a Fatico and and and says this is a purely factual question yet He wants to throw out the testimony entirely and we just don't think on this record. He can make that a clear error argument To if your honors have other questions on the procedural error, I'm happy to answer them It's not I'll just quickly go to substantive reasonableness to answer judge Parker's question judge Parker You are right that all the other Defendants in this case received the acceptance points because they all played guilty And We think that as judgment as she said that this is clearly a substance useable sentence including because judge Stein in punditry sentencing reduced defendants by 100 by 12 months and also Even under the defendant's guidelines calculation. This would still be a below guideline sentence Or within the guidelines, excuse me If the court has any other questions, I'm happy to answer them just Parker on now ago just menacing well opposing counsel said that the crediting one part of the testimony not the other part can't be explained by Her desire to avoid responsibility for the the gambling operation And he points to other parts of her testimony like the testimony over the vows where she had to keep being prodded so why Why shouldn't we conclude that? Judge Stein's explanation for crediting one part and not the other one wasn't sufficient and that might be an error Well, I think as your honor pointed out the the case law says that Judge Stein has entitled substantial deference in his credibility determinations, and he's entitled to Credit parts of what is testimony and discredit others With respect to the vase. I think I Think the issue really there was, you know, how did the vase fall on her foot? meaning there was a scuffle in this bedroom where the defendant is is put is is putting his hands around her mouth and putting Gun in her mouth and he's screaming that he's going to kill her and at some point this vase apparently Breaks and cuts her foot and there's blood and I think judge Stein was just trying to clarify What exactly happened the government wasn't arguing that the defendant that the witness was cut by the defendant It was just a clarification About a pretty violent episode And I don't think it was prodding or that she was lying I think that what was going on with this woman was scared of her life and she couldn't exactly remember how a vase Fell and cut her and then she's bleeding in the middle of this episode and she's even more scared And I think judge Stein was just trying to amplify and clarify the issue for the jury It wasn't an issue of whether it was true that she was cut by a vase Does that answer your court the court's question? Yeah, I think it does. Um, I know that we've said that District Court doesn't necessarily need to consider disparities between Codefendants, but at some point disparities might be Glaring that maybe we should take it under consideration. Is there some principle we should apply when we think about those kinds of sentencing disparities? There's some limiting principle. We might apply or is it something that we'd bet your court just never needs to consider? I think I mean, I think the court This court has made clear that the court that a district court doesn't need to consider sentencing disparities among in the case I think in practice as your honors that sometimes the district court to do do that And I think in this case the judge Stein did not error Under 3553 a6, but he did take that into account in the initial sentencing. He knew who pled guilty and who didn't And he knew the relative roles in criminal histories So I think in terms of what the limiting principle is, I think your honors have it, right? as the law stands So I don't want to suggest that that the that the the law should change Well, so there so mr. Nathalys assisters. Oh, yeah, there are a few cases in the white-collar context That may present or that we said may present extreme such extreme disparities and unexplained disparities among Codefendants who were similarly situated in the same case sentenced by the same judge that that might be a problem But you're right that in the ordinary course, I believe we said but you correct me if you think I'm wrong that a district court sentencing judge is not required to Take disparities among codefendants into account, but may And and what you're also saying, is that right I Think that's right. Your honor. Okay, and I think here there was there were sorry he did that just time did that Yes, I think he did do that and I don't think there are great disparities here as it is But as your honor notice particularly the white-collar setting The judges are certainly aware of what they are how they are sentencing other codefendants, I think That is certainly what judge Stein did here. All I'm pointing out is that your honor's case law Generally says it's an across-the-board question as opposed to a case-specific question She's Parker, which is messy any further questions I'm fine. Thank you Thank you very much, mr. Metellus, mr. Thank your honor and mr. Perez, may I ask you a question just right off the bat of course trying to work, but what I'm trying to To recollect actually was mr. Thomas's Testimony that appears to corroborate The witness who you say fabricated everything I Well, I want to be clear it is not my position that she fabricated everything obviously Precisely that question mr. Perez thinking that you would go in another direction But in fact what you said to me was everything was fabricated With reading I'm sorry. Let me be more precise with respect to what happened in that room What she claims it is our position that everything was fabricated that that that he put the gun in her mouth that how and under what circumstances the vase fell how the Vase how her her foot was cut and so on and so forth That that is our position, but obviously if I don't know that I could intellectually take the position that everything that she said was Devoid of credibility because at the end of the day she was robbed and and mr. McFadden correct admitted during the sentencing that he committed the robbery She claims that there was a gun and he admitted that he used the gun and so what do you make of the Testimony, I guess it's at a 93 or a 94 of mr. Thomas What I what I what I make of that testimony is that mr Thomas was not in the room and he does not know what happened. The only two people who know what happened were mr. McFadden and Miss Villalona And no, no, I saw mr. McFadden holding her like aggressively He had like around like he was holding her by her neck and you know, he had her what else did you see? I've seen that lady scared to death. Did he have his gun out? Yeah Yeah, but that's not the same as saying that he put a gun in her mouth Well, that's close enough. But I Mean, it's you know, it's not a stretch from that to what she says, but they were indifferent operated Okay, but they were very clearly in different rooms there they were there was they were in a McFadden and Villalona were in a bedroom and and Thomas was clear in his testimony If you look at a 93 at the top Where was mr. Where was McFadden during all of this answer? He was in another room with the other lady So so whatever whatever he said on a 94 couldn't have related to what was going on in the other room Okay Unless the court has any further questions for me. I'll just Parker or Jeff Nash. I know I don't thank you I'm fine. Thank you Thank you very much to both of you Thank you will reserve decision